﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200501-81134
DATE: April 30, 2021

ORDER

A disability rating in excess of 70 percent for posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

The Veteran’s PTSD did not manifest total occupational and social impairment.

CONCLUSION OF LAW

The criteria for a disability rating in excess of 70 percent for PTSD have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Army from October 2001 to August 2002 and from September 2003 to February 2004.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). This appeal is being adjudicated under the Appeals Modernization Act (AMA) appellate framework. 

In the May 2020 notice of disagreement (NOD) upon which this appeal is based, the Veteran opted into the Direct Review docket. In doing so, the Veteran expressed his desire not to testify at a personal hearing before the Board, and the record on appeal ends June 17, 2019; the date the Veteran notified of the decision on appeal.

The Board notes that the Veteran also submitted a NOD in November 2019. The NOD identifies the June 2019 rating decision as being on appeal and identifies tinnitus as the issue on appeal without further clarifying the issue. As the Veteran had been previously denied service connection for tinnitus in February 2017 and again in November 2017 and denied a claim to reopen the denial based on new and material evidence in June 2018, the Board is forced to conclude a denial to reopen a previously denied claim for service for tinnitus based on new and material evidence was most likely the issue. Nevertheless, the June 2019 rating decision actually identified in the NOD did not dispose of the Veteran’s tinnitus claim. Additionally, the Veteran was notified of all of the rating decisions that did dispose of a tinnitus claim more than one year prior to receipt of the November 2019; the most recent one being the June 2018 rating decision. In July 2020 moreover, the RO granted service connection for tinnitus; which is considered a full grant of the Veteran’s requested prayer of relief. Therefore, the Board does not have jurisdiction over the tinnitus claim addressed in the November 2019 NOD, and the Board shall not address it any further.

A disability rating in excess of 70 percent for PTSD is denied.

At issue is whether the Veteran is entitled to a disability rating in excess of 70 percent for PTSD. The weight of the evidence indicates that the Veteran is not entitled to an increased disability rating.

In April 2010, the Veteran first filed for service connection for PTSD, and, in August 2010, the RO granted service connection and assigned a disability rating of 30 percent effective the date the claim was received. Thereafter, the Veteran’s disability rating was increased to 70 percent effective September 26, 2016. In March 9, 2019, the RO filed an increased rating claim, and, in June 2019, the RO denied the Veteran’s claim. The Veteran was notified of the decision on June 17, 2019. The Veteran appealed. The NOD upon which this appeal is based only identifies the June 2019 rating decision and the PTSD claim as being on appeal; without clarifying whether or not the evaluation or the effective date of the disability rating was being appealed. As the June 2019 rating decision did not assign or otherwise dispose of the effective date for the Veteran’s disability rating, the Board concludes by process of elimination that the evaluation of the Veteran’s disability rating is the only issue on appeal.

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

Disability ratings for mental disorders are assigned pursuant to the General Rating Formula for Mental Disorders. Under the General Rating Formula for Mental Disorders, a disability rating of 70 percent is assigned when a mental disorder causes occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); inability to establish and maintain effective relationships. 38 C.F.R. § 4.130, General Rating Formula for Mental Disorders.

A total disability rating is assigned when a mental disorder causes total occupational and social impairment due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

When determining the appropriate disability evaluation to assign, the Board’s primary consideration is the Veteran’s symptoms, but it must also make findings as to how those symptoms impact the Veteran’s occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013); Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). The Board need not find the presence of all, most, or even some, of the enumerated symptoms to award a specific rating, because the use of the term “such as” in the rating criteria demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list. See Mauerhan. Nevertheless, as all ratings in the general rating formula are also associated with objectively observable symptomatology and the plain language of the regulation makes it clear that the Veteran’s impairment must be “due to” those symptoms, a veteran may only qualify for a given disability by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration. See Vazquez-Claudio.

The Veteran’s treatment records indicates that the Veteran’s manifest psychiatric symptoms throughout the period on appeal.

The Veteran underwent a VA examination in April 2019. The Veteran stated that he was currently estranged from his wife, but that he still currently resided in the same domicile with her. The Veteran reported that he did not have any friends. The Veteran indicated that he was employed, and that he also indicated that he had had some difficulty at work. Nevertheless, the Veteran attributed this factors extrinsic from the Veteran’s PTSD. The examiner noted a variety of symptoms including: depressed mood, anxiety, suspiciousness, near-continuous panic, chronic sleep impairment, difficulty adapting to stressful situations, and an inability to establish and maintain effective work relationships. The examiner opined that the Veteran manifested occupational and social impairment with reduced reliability and productivity.

The weight of the evidence indicates that the Veteran is not entitled to a disability rating in excess of 70 percent. In order to meet the criteria for a disability rating in excess of 70 percent, the Veteran needed to manifest total occupational and social impairment. The Veteran reported that he had a relationship (albeit strained) with his wife. Additionally, the Veteran reported that he was employed, and, although the Veteran noted difficulties with his employment, the Veteran attributed them to social issues that were extrinsic to his PTSD. Finally, the Board notes that the record is silent for a competent medical opinion suggesting that the Veteran manifested total occupational and social impairment during the period on appeal. Therefore, the criteria for a disability rating in excess of 70 percent for PTSD have not been met.

Here, the weight of the probative evidence of record simply fails to demonstrate that the Veteran manifested total occupational and social impairment. Therefore, the evidence in this case is not so evenly balanced so as to allow application of the benefit-of-the-doubt rule as required by law and VA regulations. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. As such, entitlement a disability rating in excess of 70 percent for PTSD is denied. 

The Board has also considered whether or not a total disability rating due to individual unemployability (TDIU) has been raised by the record. Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board finds that it has not, because, as discussed 

 

above, the record indicates that the Veteran has been gainfully employed throughout the period on appeal. 

 

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Seaton

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.